**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ANDERSON-TULLY COMPANY**                                          **PLAINTIFF**

**VS.**                           **5:08-CV-0134-WRW**

**DUSTIN MCDANIEL, Attorney General**                               **DEFENDANT**
**of the State of Arkansas**

### ORDER

Pending are Defendant's Motion to Dismiss (Doc. No. 4), Plaintiff's Motion for Oral Argument (Doc. No. 13) and Plaintiff's Motion to Amend Complaint (Doc. No. 18). Plaintiff has responded[1] to the Motion to Dismiss.

**I.    BACKGROUND**

At issue is a portion of property situated in Desha County, Arkansas that is allegedly owned by Plaintiff. Stimson Lake and "Stimson Chute" are contained within the legal boundaries of this property. "Stimson Chute" is an area of property that connects to the Mississippi River during periods of high water.[2]

A similar trespass and quiet title action was filed by Stimson Lake Land & Timber in January of 2008 in the Circuit Court of Desha County, Arkansas.[3] Defendant intervened in that

---

[1] Doc. No. 8.

[2] Doc. No. 2.

[3] Doc. No. 4 (Exhibit "A"); Named Defendants (Stanley Brawley, Don Brawley, and Larry Giffin) in the state court action are not named parties in this case.

suit claiming that the land at issue belonged to the State of Arkansas.[4] Stimson Lake Land & Timber voluntarily dismissed that action on July 21, 2008.[5]

Plaintiff filed this action on May 5, 2008, seeking a declaratory judgment voiding the "recreational use doctrine."[6] Plaintiff seeks declaratory and legal relief under the theory that Defendant's actions are violations of various constitutional rights under 42 U.S.C. § 1983. In addition, Plaintiff seeks a permanent injunction restraining Defendant from taking or attempting to take private property for public use based on the "recreational use doctrine." Plaintiff also seeks an order confirming title of the portion at issue of Stimson Lake and "Stimson Chute" to Plaintiff, as well as attorney's fees and costs.

## II.  DISMISSAL WITHOUT PREJUDICE

This case is not ripe for decision.  A suit under 42 U.S.C. § 1983 requires state action, and at this point, none has occurred. It seems to me that a state court must first determine who owns the land in question before any § 1983 claim would present itself. I cannot decide if Defendant has acquired this land unfairly and in violation of § 1983 if no determination has been made as to rightful ownership. Plaintiff's suit is the "functional equivalent of a quiet title action" which raises an issue that "implicates special sovereignty interests."[7] The United States Supreme Court stated that "[t]he dignity and status of its statehood" allows a state to "rely on its Eleventh Amendment immunity and to insist upon responding to these claims in its own courts, which are

---

[4]Doc. No. 4 (Exhibit "E").

[5]Doc. No. 22 (Exhibit "Order of Desha County Circuit Court").

[6]Doc. No. 2.

[7]*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997).

open to hear and determine the case."[8] This case is similar to a Ninth Circuit case from 2001. That court stated "[t]o even reach the constitutional question, we would be required to decide who owns the property, a decision which potentially could 'diminish, even extinguish, the State's control over. . . lands and waters long deemed by the State to be an integral part of its territory.'"[9] I agree with the Ninth Circuit's reasoning. An Arkansas state court should determine who owns the property before there can be any analysis under § 1983.

## CONCLUSION

Based upon the findings of fact and conclusions of law above, Plaintiff's Amended Complaint is DISMISSED without prejudice. All pending motions are DENIED as MOOT.

IT IS SO ORDERED this 23rd day of September, 2008.


/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[8] *Id.* at 287-88.

[9] *Wright v. Dunbar*, 1 Fed. Appx. 656, 2001 WL 30057, at *1 (9th Cir. 2001) (quoting *Idaho*, 521 U.S. at 282).